UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Theodore Roosevelt</u>

    v.                                              Civil No. 24-cv-184-SE-TSM

<u>Lowe's</u>

**REPORT AND RECOMMENDATION**

      Before the court is Plaintiff Theodore Roosevelt's Complaint (Doc. No. 1).  Because Mr. Roosevelt is proceeding pro se and in forma pauperis in this matter, the complaint is before the court for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e).  For the reasons that follow, the District Judge should dismiss this action for failure to state a claim upon which relief might be granted.

**BACKGROUND**

      In his complaint (Doc. No. 1), Mr. Roosevelt alleges that on an unspecified date, he went into Lowe's, in Concord, New Hampshire, to buy cleaning supplies.  He brought his scooter into the store with him.  An employee approached Mr. Roosevelt and asked if his scooter was lithium.  He responded that it was a scooter.  Mr. Roosevelt then asked to speak to a manager, and the employee stated she was a manager.  He then asked for the number for the Lowe's corporate office.

**LEGAL STANDARD**

      This court may dismiss claims asserted in a Complaint filed by a plaintiff proceeding in forma pauperis, if the Complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  In determining whether a pro se complaint states a claim, the Court construes the pleading liberally.  <u>See</u> Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding legal conclusions, the court considers whether the factual content asserted in the complaint and

inferences reasonably drawn therefrom, taken as true, state a claim to relief. See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).

## DISCUSSION

Even construing the Complaint generously, it is not clear what conduct that Lowe's, the only defendant named in the complaint, the Lowe's employee he spoke with about his scooter, or any other individual, engaged in which Mr. Roosevelt claims violated his rights. Additionally, Mr. Roosevelt has not stated what right of his was violated by any defendant. The facts alleged in the complaint, therefore, fail to state any claim upon which relief can be granted, and the district judge should dismiss the complaint in its entirety, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e).

## CONCLUSION

For the foregoing reasons, the District Judge should dismiss this action for failure to state a claim upon which relief might be granted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

July 23, 2024

cc:   Theodore Roosevelt, pro se